UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EDWARD DONALD BURLEY,

                    Plaintiff,                    Case No. 1:15-cv-570

v.                                    Honorable Robert Holmes Bell

UNKNOWN DANIELS et al.,

                    Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1983 and 1985, 18 U.S.C. §§ 241-42, and various state laws.  The Court has granted Plaintiff leave to proceed *in forma pauperis*.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Edward Donald Burley presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility, though the actions about which he complains occurred while he was housed at the Lakeland Correctional Facility (LCF) and the Carson City Correctional Facility (DRF). Plaintiff sues the following LCF officials: Assistant Resident Unit Supervisors (ARUSs) (unknown) Daniels, (unknown) Bradley, (unknown) Nichols, and (unknown) Fleisher; Correctional Officers (unknown) Tagett, (unknown) Summitt, and (unknown) Yates; Lieutenant Dekeyster; Captain Barker; Residential Unit Manager (RUM) (unknown) Bauman; Warden Willie O. Smith; and the unknown Property Room Manager (Unknown Part(y)(ies) #1). He also sues the unknown DRF Property Room Manager (Unknown Part(y)(ies) #2).

In his verified complaint, Plaintiff alleges that, on July 31, 2013, Defendant Daniels confiscated his voluminous legal property. Plaintiff alleges that Defendants Tagett and Daniels "voiced objection to Burley having the right" to possess the materials. (Compl. ¶ 11, docket #1, Page ID#11.) On August 1, 2013, Defendant Dekeyster served Plaintiff with a Notice of Intent to Conduct an Administrative Hearing and told Plaintiff that he would receive a hearing in accordance with MDOC policy. Plaintiff alleges that he repeatedly asked Defendant Bradley about the status of the hearing and complained that a hearing investigator had not been appointed and a hearing had not been held within the time provided under prison policy. On August 22, 2013, Plaintiff informed Defendants Barker and Fleisher that he needed his legal property in order to complete federal-court deadlines. Fleisher told Plaintiff that his property "would be placed on 'catch-up,' however [he] would be given yet another Notice of Intent and not permitted to have [his] legal property until the

hearing was conducted." (*Id.*, Page ID#12.)  Plaintiff was transferred to DRF that same day, but he did not receive his legal property until August 30, 2013.  He alleges that he missed his filing deadline in the federal court.

Plaintiff contends that all Defendants conspired to prevent him from having his legal property in sufficient time to meet his federal-court deadlines, in violation of 42 U.S.C. § 1985 and 18 U.S.C. §§ 241-42.  He further contends that Defendants' conduct violated his rights to access the courts, due process, and equal protection.  He also alleges that Defendants' conduct was grossly negligent and amounted to intentional infliction of emotional distress.  In addition, Plaintiff alleges that the MDOC failed to properly train and supervise its employees.

## Discussion

### I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Supervisory Liability

With the exception of his broad claim of conspiracy, which the Court will address *infra*, Plaintiff's only factual allegations against Defendants Tagett,[1] Bradley, Dekeyster, Summitt, Yates, Barker, Nichols, Fleisher, and Bauman are that they failed to adequately respond to his grievances and complaints or failed to supervise their subordinates. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*,

---

[1]Plaintiff also alleges that Tagett "voiced objection" to his possession of excessive legal materials, but he fails to allege that Tagett took any action respecting his legal materials. (*See* Compl. ¶ 11, docket #1, Page ID#11).

- 4 -

436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009).   A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004).   Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance.  *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).   "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Plaintiff has failed to allege that Defendants Tagett, Bradley, Dekeyster, Summitt, Yates, Barker, Nichols, Fleisher, and Bauman engaged in any active unconstitutional behavior.

## B.   Conspiracy

Plaintiff alleges that all Defendants between two institutions engaged in a conspiracy to deprive him of his legal materials for longer than allowable without a hearing, which allegedly caused Plaintiff to miss a court deadline.  He contends that Defendants' actions amounted to both a civil and a criminal conspiracy, in violation of 42 U.S.C. § 1985 and 18 U.S.C. §§ 241-42.

To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3), a plaintiff must establish the following four elements:   (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States.   *See Smith v.*

*Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998) (citing *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir.1994)).   The plaintiff further must demonstrate that the conspiracy was motivated by a class based animus, such as race.   *Johnson*, 40 F.3d at 839; see also *Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir.1996); *Seguin v. City of Sterling Heights*, 968 F.2d 584, 590 (6th Cir. 1992); *Wolotsky v. Huhn*, 960 F.2d 1331, 1338 (6th Cir. 1992).   Plaintiff has not alleged that the actions were motivated by race and has not established that he is a member of a discrete and insular minority accorded special protection under the Equal Protection Clause because of inherent personal characteristics.   *Seguin*, 968 F.2d at 590.   Accordingly, Plaintiff's civil conspiracy claim under § 1985 will be dismissed.

Plaintiff's claims of criminal conspiracy under 18 U.S.C. §§ 241-42 also are meritless.   A private citizen "lacks a judicially cognizable interest in the prosecution or nonprosecution of another."   *Diamond v. Charles*, 476 U.S. 54, 64 (1986).   Simply put, Plaintiff cannot compel a criminal prosecution of Defendants because private citizens, whether or not they are incarcerated, cannot compel a criminal prosecution of another.   *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Martin v. Koljonen*, No. 03-2169, 2004 WL 445720, at *1 (6th Cir. Mar. 9, 2004).   He therefore fails to state a claim under 18 U.S.C. §§ 241-42.

Finally, to the extent that Plaintiff intends to raise a civil conspiracy claim under § 1983, his allegations fail to state a claim.   A civil conspiracy under § 1983 is "an agreement between two or more persons to injure another by unlawful action."   *See Hensley v. Gassman*, 693 F.3d 681, 695 (6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).   The plaintiff must show the existence of a single plan, that the alleged coconspirator shared in the general

conspiratorial objective to deprive the plaintiff of a federal right, and that an overt action committed in furtherance of the conspiracy caused an injury to the plaintiff. *Hensley*, 693 F.3d at 695; *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011). Moreover, a plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Plaintiff's allegations of conspiracy are conclusory and speculative. Beyond his simple allegation that Defendants conspired to deprive Plaintiff of his legal property, Plaintiff has provided no factual allegations establishing a link between the alleged conspirators, any overt action taken by any defendant other than Defendant Daniels), or any agreement between them. As a consequence, Plaintiff fails to state a plausible claim of conspiracy. *Twombly*, 550 U.S. at 565.

### C. Access to the Courts

Plaintiff alleges that by confiscating his legal materials, Defendant Daniel prevented Plaintiff from meeting filing deadlines in the federal courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The principal issue in *Bounds* was whether the states must protect the right of access to the courts by providing law libraries or alternative sources of legal information for prisoners. *Id.* at 817. The Court further noted that in addition to law libraries or alternative sources of legal knowledge, the states must provide indigent inmates with "paper and pen to draft legal documents, notarial services to authenticate them, and with stamps to mail them." *Id.* at 824-25. The right of access to the courts

also prohibits prison officials from erecting barriers that may impede the inmate's access to the courts.  *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

An indigent prisoner's constitutional right to access the courts is not, however, without limit.  In order to state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury."  *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000.  In other words, a plaintiff must plead and demonstrate that the shortcomings in the prison legal assistance program or lack of legal materials have hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim.  *Lewis*, 518 U.S. at 351-53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355.  "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only."  *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).  Moreover, the underlying action must have asserted a non-frivolous claim.  *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."  *Christopher v. Harbury*, 536 U.S. 403, 415

(2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In support of his claim that he was denied access to the courts, Plaintiff references an order from the Eastern District of Michigan, which he has attached to his complaint. (*See Burley v. Prelesnik*, No. 1:11-cv-11258 (E.D. Mich. Aug. 13, 2013), Attach. C to Compl., docket #1-1, Page ID ##22-24.) In that order, the Eastern District granted Plaintiff's motion seeking an extension of time in which to file an appeal from the court's denial of his motion for relief from judgment in a habeas action. The court allowed Plaintiff until September 1, 2013 to file his notice of appeal.

Plaintiff's allegations are not sufficient to show actual injury to his litigation. The Sixth Circuit docketed the appeal on September 3, 2013. *See Burley v. Prelesnik*, No. 13-2201 (6th Cir. Sept. 3, 2013) (electronic docket sheet). Because September 1, 2013 fell on a Sunday, and because Monday, September 2, 2013 was Labor Day, Plaintiff's appeal was timely filed. *See* FED. R. CIV. P. 6(a)(1)(C) (providing that when the final day of a period falls on a "Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). The Sixth Circuit considered the appeal and, on April 3, 2012, issued an order construing the appeal as a motion seeking leave to file a second or successive petition and denying relief. *Burley*, No. 13-2201 (6th Cir. Apr. 3, 2012) (docket #12-2). In sum, because the district court granted Plaintiff an extension of time to file his appeal and Plaintiff timely filed his notice of appeal, he suffered no actual injury caused by interference with his legal materials between July 29, 2013 and August 30, 2013. Plaintiff therefore fails to state an access-to-the-courts claim.

### D.   Due Process

Plaintiff alleges that unspecified individuals deprived him of due process when they failed to provide a notice of intent, a hearing investigator, and a hearing within the time limits set by prison policy. Claims under § 1983 can only be brought for "deprivation of rights secured by the constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Defendants' alleged failures to comply with an administrative rule or policy do not rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). As a consequence, Plaintiff's allegations that any Defendant violated prison policy fails to state a claim.

Moreover, to the extent that Plaintiff alleges that he was deprived of his property without due process, his claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468

- 10 -

U.S. 517, 530-36 (1984).  Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies.  *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993).  Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action.  *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case.  Plaintiff has not alleged that state post-deprivation remedies are inadequate.  Moreover, numerous state post-deprivation remedies are available to him.  First, Michigan law guarantees an administrative hearing.  Plaintiff received notice and a hearing, even if Plaintiff believes that the notice and disposition should have occurred more rapidly.  Moreover, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation.  MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013).  Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board.  MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013).  Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies."  MICH. COMP. LAWS § 600.6419(1)(a).  The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property.  *See Copeland*, 57 F.3d at 480.  Plaintiff does not allege any reason why a state-court action could not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.  Accordingly, Plaintiff's due process claim will be dismissed.

### E.      Equal Protection

Plaintiff sweepingly alleges that Defendants' conduct violated his right to equal protection under the Fourteenth Amendment.  The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals.  *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976).  Plaintiff does not suggest that he is a member of a suspect class, and "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich,* 148 F.3d 596, 604 (6th Cir.1998).   In addition, prisoners do not have a fundamental right to photocopies under the Constitution.

Because neither a fundamental right nor a suspect class is at issue, Plaintiff's claim is reviewed under the rational basis standard. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby,* 470 F.3d 286, 298 (6th Cir. 2006). "Under rational basis scrutiny, government action amounts to a constitutional violation only if it 'is so unrelated to the achievement of any combination of legitimate purposes that the court can only conclude that the government's actions were irrational.'" *Id.* (quoting *Warren v. City of Athens,* 411 F.3d 697, 710 (6th Cir. 2005)).  To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff's equal protection claim is wholly conclusory.  Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.  *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.  Plaintiff fails even to identify another prisoner who is similarly situated, much less that such prisoner was intentionally treated differently.  As a consequence, his equal protection claim will be dismissed for failure to state a claim.

### F.      Failure to Train

Plaintiff next alleges that the MDOC is responsible for the alleged civil rights violations committed by Defendants because it failed to train and supervise its employees in the administration of MDOC policies and in federal constitutional law.

Plaintiff may not maintain a § 1983 action against the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000).  In addition, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd.*

- 13 -

*of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Because the MDOC is immune from suit in this Court, Plaintiff may not seek to impose liability for a failure to train.

Moreover, even if the MDOC were subject to suit in this action, Plaintiff would nevertheless fail to state a claim. A governmental entity that is subject to suit under § 1983 may only be held liable when its policy or custom is the moving force behind a constitutional deprivation. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 36-37 (2010) (citing *Monell*, 436 U.S. at 694); *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). Because Plaintiff demonstrates no constitutional deprivation, he cannot demonstrate that governmental agency is liable for any deprivation.

For both reasons, Plaintiff's claim that the MDOC failed to train Defendants will be dismissed.

## G.     State-Law Claims

To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over his state-law claims of gross negligence and intentional infliction of emotional distress, the Court declines to exercise jurisdiction. In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *Id*. Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S.

635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d

843, 850 (6th Cir. 2012).  Here, the balance of the relevant considerations weighs against the

continued exercise of supplemental jurisdiction.  Accordingly, Plaintiff's state-law claims will be

dismissed without prejudice.

<u>**Conclusion**</u>

Having conducted the review required by the Prison Litigation Reform Act, the Court

determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C.

§§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith

within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611

(6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the

$505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: <u>June 18, 2015</u>                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE